**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **MICHAEL AND REMI DYLL** § | |
| *Plaintiffs*, § | |
| § | |
| **V.** § | **CIVIL ACTION NO. 4:19-cv-03648** |
| § | **JURY** |
| § | |
| **PALOMAR SPECIALTY INSURANCE** § | |
| **CO.** § | |
| *Defendant*. § | |

**PALOMAR SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Palomar Specialty Insurance Company ("Palomar"), files its Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship, and amount in controversy, and respectfully shows the following:

**I.   PROCEDURAL BACKGROUND**

1. On August 23, 2019, Plaintiffs, Michael Dyll and Remi Dyll ("Dyll" or "Plaintiffs"), filed their Original Petition in a case styled *Michael and Remi Dyll v. Palomar Specialty Insurance Co.;* Cause No. 2019-59357, pending in the 269th Judicial District Court for Harris County, Texas.

2. Palomar received a copy of this suit on August 29, 2019 and has made an appearance in this case.

3. Palomar files this notice of removal within 30 days of receiving notice of Plaintiffs' Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *see id.*

1

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

5. Attached hereto are copies of the following documents:

- **Exhibit 1:** The state court's Docket Sheet;
- **Exhibit 2:** Plaintiffs' Original Petition;
- **Exhibit 3:** Citation served on Palomar;
- **Exhibit 4:** Defendant's Verified Original Answer and Plea in Abatement;
- **Exhibit 5:** List of Parties and Counsel.

## II. BASES FOR REMOVAL

6. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A. Plaintiffs and Defendant Palomar are diverse.**

7. **Plaintiffs,** Michael Dyll and Remi Dyll, are individuals residing in Harris County, Texas.

8. **Defendant,** Palomar Specialty Insurance Company, is, and was at the time the lawsuit was filed, an Oregon domiciled insurance company with its principal place of business in California. Palomar is wholly owned by Palomar Insurance Holdings Inc., a Delaware company. Palomar Insurance Holdings, Inc. is wholly owned by Palomar Holdings, Inc., a Delaware company. Palomar is therefore not a citizen of the State of Texas for diversity purposes.

9. Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiffs and Defendant Palomar.

## B. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.

10.     Plaintiffs allege that Defendant is liable under a residential insurance policy because Plaintiffs made claims under that policy and Defendant wrongfully adjusted and underpaid Plaintiffs' claims. Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998). An action in state court may be removed to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. To establish diversity jurisdiction under 28 U.S.C. § 1332, the parties must be diverse, and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332; *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 882 (5th Cir. 2000). To determine whether jurisdiction is present for removal, the claims in the state court petition are considered as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

11.     When a defendant seeks to remove a lawsuit on the basis of diversity jurisdiction, the federal court ordinarily determines the amount in controversy based on the specific "good faith" sum demanded by the Plaintiff in the state court petition. *See* 28 U.S.C. § 1446(c)(2); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("[U]nless the law gives a different rule, the sum claimed by the Plaintiff controls if the claim is apparently made in good faith."). But when, in contravention of state law, a Plaintiff specifically alleges that damages will not exceed the federal jurisdictional amount, the pleading is not made in good faith and the deference typically afforded the Plaintiff's pleading does not apply. *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1410 (5th Cir.1995) (noting that "the face of the Plaintiff's pleading will not

control if made in bad faith," and criticizing manipulative tactics by Plaintiffs that reduce the amount in controversy to avoid federal jurisdiction and removal).

12.     Furthermore, Texas Rule of Civil Procedure 47(c) requires that Plaintiff pleads in certain predefined damage ranges: e.g., "only monetary relief of $100,000 or less," or "monetary relief over $100,000 but not more than $200,000." There is no provision in Rule 47 permitting a Plaintiff to plead for damages of not more than $75,000 as Plaintiffs have done here. [*See* Plaintiffs' Original Petition, Paragraph 35.]

13.     A removing defendant satisfies its burden of proof when it shows by a preponderance of the evidence that the amount in controversy actually exceeds the jurisdictional minimum at the time of removal. *De Aguilar,* 47 F.3d at 1408-11. A removing defendant can show the amount in controversy actually exceeds the jurisdictional minimum if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount." *See e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

14.     Plaintiffs have attempted to frustrate this Court's federal diversity jurisdiction as the Original Petition states Plaintiffs seek "monetary relief of $100,000 or less and non-monetary relief" but then states Plaintiffs "seek no more than $75,000." [*See* Plaintiffs' Original Petition, Paragraph 35]. Plaintiffs also seek attorneys' fees [*See* Plaintiffs' Original Petition, Paragraphs 19, 21, 25, 29, 35, and 41], three times the amount of actual damages [*See* Plaintiffs' Original Petition, Paragraphs 19, 25, and 27], mental anguish [*See* Plaintiffs' Original Petition, Paragraph 34], unqualified exemplary damages (*See* Plaintiffs' Original Petition, Paragraph 39], and economic damages, unqualified additional statutory damages, pre-judgment and post-judgment

interest, and costs of suit. [*See* Plaintiffs' Original Petition, Prayer]. Given the nature of the case, Plaintiffs' damage model exceeded the requisite jurisdictional threshold of $75,000 at the time of removal.

15. Because Texas law does not preclude a court or jury from awarding an amount greater than what a Plaintiff seeks in Plaintiff's pleadings and other filings, such an affirmation, without more, does not provide sufficient certainty that Plaintiff would not be able to recover more in state court than the amount Plaintiff would seek. *See Washington-Thomas v. Dial Am. Mktg., Inc.*, EP-12-CV-00340-DCG, 2012 WL 5287043, at *3 (W.D. Tex. Oct. 23, 2012)(not reported).

16. Since the Plaintiffs requested attorneys' fees, court costs, mental anguish, and additional damages allowed by the DTPA, and Texas Insurance Code, it was facially apparent from the petition, that Plaintiffs' damages would likely exceed the requisite $75,000 threshold at the time of removal. Furthermore, where a Plaintiff wants to prevent removal, a binding stipulation or affidavit **must be filed with their original complaint**. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (emphasis added) (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (per curiam)). Once the case has been removed by the defendant, later filings become "irrelevant" for determining jurisdiction. *Id.*; *Carrasquillo v. State Farm Lloyds*, 17 F. Supp. 3d 584, 586 (W.D. Tex. 2013).

17. Palomar has shown by the preponderance of the evidence that Plaintiffs' amount in controversy likely exceeded the minimal jurisdictional threshold at the time of removal.

### III.   THIS REMOVAL IS PROCEDURALLY CORRECT

18. Palomar received notice of this lawsuit on August 29, 2019, when Palomar was served. Thus, Palomar is filing this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

19. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii) a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

20. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

21. Promptly after Palomar files this Notice of Removal, written notice of the filing will be given to Plaintiffs pursuant to 28 U.S.C. §1446(d).

22. Promptly after Palomar files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Harris County District Court pursuant to 28 U.S.C. §1446(d).

23. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant Palomar Specialty Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

By: _/s/ George Arnold_
    **George H. Arnold,** *Attorney-in-Charge*
    State Bar No. 00783559
    garnold@thompsoncoe.com
    **Susan Sparks Usery**
    State Bar No. 18880100
    susery@thompsoncoe.com
    THOMPSON, COE, COUSINS & IRONS, LLP
    One Riverway, Suite 1400
    Houston, Texas  77056
    Telephone:  (713) 403-8210
    Facsimile:  (713) 403-8299

and

    **Michael L. Schneiderman**
    State Bar No. 24033043
    mschneiderman@postonlawfirmpllc.com
    POSTON LAW FIRM, PLLC
    6745 Calmont Avenue
    Fort Worth, Texas  76116
    Telephone:  (817) 697-3492
    Facsimile:  (817) 697-3677

**ATTORNEYS FOR DEFENDANT**
**PALOMAR SPECIALTY INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

    This is to certify that on the 26th day of September, 2019, a true and correct copy of the foregoing document was delivered to all counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

Michael J. Yanochik
MURR YANOCHIK, PLLC
4101 Washington Ave.
Houston, TX  77006
*Attorney for Plaintiffs*

    _/s/ George Arnold_
    George Arnold