8/23/2019 3:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36239576
By: Wanda Chambers
Filed: 8/23/2019 3:36 PM

**2019-59357 / Court: 269**

CAUSE NO. _____

| | | |
|---|---|---|
| MICHAEL AND REMI DYLL | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| PALOMAR SPECIALTY INSURANCE CO., | § | |
| | § | |
| Defendants. | § | ____ JUDICIAL DISTRICT |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

### SUMMARY

Plaintiffs Michael and Remi Dyll (sometimes hereinafter, "Plaintiffs") insured their home at 10142 Hanka Rd., Houston, Texas 77043 (the "Property") with Defendant Palomar Specialty Insurance Co. (sometimes hereinafter, "Palomar" or "Defendant"), Policy Number PIC-13933 (sometimes hereinafter, "the Policy"). Plaintiffs home was severely damaged when Hurricane Harvey struck the Houston area in August 2017, and Plaintiff gave notice within the requisite policy period and fulfilled all conditions precedent for asserting a claim. Defendant conducted an inadequate investigation and found no wind damage. A second storm in January 2018 did further damage to the home, and Plaintiffs filed a second claim. As with the prior storm, Defendant conducted an inadequate investigation and concluded that there was no covered damage. In denying coverage, Defendant has committed several violations of the Texas Insurance Code.

### DISCOVERY LEVEL

1. Plaintiff has elected to conduct discovery under Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

### PARTIES

2. Plaintiffs are individuals residing in Houston, Harris County, Texas.

**EXHIBIT 2**

3. Defendant Palomar is an Oregon corporation that, at all times material to this action, has engaged in the business of insurance in Texas, as defined by the Texas Insurance Code. It may be served with process through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

## AGENCY AND RESPONDEAT SUPERIOR

4. Whenever it is alleged in this petition that Palomar or their agents committed any act, omission or thing, it is meant that each of these Defendants or their agents, adjusters, claims managers, section managers, officers, servants, employees, or representatives committed such act, omission or thing.

5. Such acts, omissions or things were also done with the full authorization or ratification of these Defendants, or done in the normal routine, course, and scope of the agency or employment of each of their agents, adjusters, claims managers, section managers, officers, servants, employees or representatives.

6. These Defendants, each individually and collectively, are therefore each legally responsible and liable for their own acts and omissions as well as those of one another.

## CONDITIONS PRECEDENT

7. All conditions precedent to Plaintiffs' right to recover and to Defendant's liability have occurred and/or have been performed.

## JURISDICTION AND VENUE

8. Jurisdiction is proper in this Court, because the amount of damages sought is within the jurisdictional limits of this Court.

9. Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Harris County, Texas. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002. Venue is also proper because the claims relate to damage to

real property located in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE ANN. § 15.011.

## FACTUAL BACKGROUND

10.     Plaintiff incorporates the foregoing paragraphs by reference verbatim, as if fully set forth herein.

11.     The Property was insured by the Policy when Hurricane Harvey struck the Houston area at the end of August 2017. The storm caused extensive damage to Plaintiffs' home, including the roof, soffits and fascia, and garage.

12.     After the storm, Plaintiffs made a claim and demand for payment on Palomar for damages to the Property. Defendant conducted an inadequate investigation and denied the claim, alleging that there was no wind damage to the home.

13.     Then, in January 2018, a second windstorm struck the area, and did additional damage to Plaintiffs' roof, soffits and fascia, and garage. Plaintiffs filed a second claim. Defendant once again conducted an inadequate investigation and denied the claim. (The claims may be referred to collectively as the "Claim").

14.     Upon information and belief, Defendant conducted two sham investigations intended to bolster the conclusion that they had reached ahead of time -- that they simply were not going to pay for Plaintiffs' damages.

15.     By denying both claims, when Texas law and its Policy obligate Palomar to cover all the damages, Palomar has failed and/or refused to honor the Claim. During the pendency of this Claim, Palomar has misrepresented the Policy, the Policy coverages, the facts underlying the Claim, and the actions it was purportedly taking to comply with its obligations under the Policy and under law. Upon information and belief, Palomar's actions were conducted with malice, as that term is defined under Texas law.

16.     For these reasons, and as set forth more specifically herein, the Plaintiffs bring suit

against the Defendant.

## CAUSES OF ACTION

### UNFAIR SETTLEMENT PRACTICES
### (TEX. INS. CODE. § 541.060, et seq.)

17. Plaintiffs incorporate the foregoing paragraphs by reference verbatim, as if fully set forth herein.

18. Defendant engaged in Unfair Settlement Practices, as defined by the Texas Insurance Code, by:

1. Misrepresenting material facts or policy provisions relating to the coverage at issue;

2. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Palomar's liability under the Policy was reasonably clear;

3. Failing to promptly provide a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law for Palomar's denial of the Claim or offer of a compromise settlement of the Claim;

4. Failing within a reasonable time to affirm or deny coverage of the Claim or to submit a reservation of rights; and/or

5. Refusing to pay the Claim without conducting a reasonable investigation with respect to the Claim;

19. The foregoing unfair settlement practices were completed knowingly by Defendant and were a producing cause of Plaintiffs' injuries and damages. Plaintiffs are entitled to all actual damages, plus court costs and reasonable attorney's fees. TEX. INS. CODE § 541.152(a). Because the unfair settlement practices were committed knowingly, Plaintiffs are entitled to recover additional statutory damages in an amount not to exceed three times the amount of actual damages. TEX. INS. CODE § 541.152(b).

### PROMPT PAYMENT OF CLAIMS
### (TEX. INS. CODE. § 542.055, et seq.)

20. Plaintiffs incorporates the foregoing paragraphs by reference verbatim, as if fully set

forth herein.

21.     The delay in payment to Plaintiffs violated TEXAS INSURANCE CODE § 542.055, *et seq.*, thus triggering liability on Palomar part to pay the amount of the Claim, plus damages consisting of eighteen percent (18%) per annum of the amount of the Claim, along with prejudgment interest and reasonable attorneys' fees.

### TEXAS DECEPTIVE TRADE PRACTICES ACT
### (TEX. BUS. & COM. CODE § 17.41, *et seq.*)

22.     Plaintiffs incorporate the foregoing paragraphs by reference verbatim, as if fully set forth herein.

23.     Defendant violated the Texas Deceptive Trade Practices Act (the "DTPA") by engaging in "false, misleading or deceptive acts and practices." Plaintiff is a "consumer" in that it acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

24.     Defendant committed numerous violations of the DTPA, including, *inter alia*, the following:

1. Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

2. Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which is prohibited by law;

3. Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

4. Generally engaged in unconscionable courses of action while handling the Claim; and/or

5. Violated the provisions of the Texas Insurance Code described herein.

25.     Defendant took advantage of Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree and to Plaintiff's detriment. Defendant's acts also resulted in a

gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of Defendant's violations of the DTPA, Plaintiffs suffered and are entitled to recover their actual damages. In addition, Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiffs to additional damages in an amount up to three times their damages for economic relief. TEX. BUS. & COM. CODE § 17.50(b). Under the DTPA, Plaintiffs are also entitled to an award of reasonable attorney's fees and costs. TEX. BUS. & COM. CODE § 17.50(d).

## COMMON-LAW BAD FAITH

26. Plaintiffs incorporate the foregoing paragraphs by reference verbatim, as if fully set forth herein.

27. Defendant breached their common-law duty of good faith and fair dealing by denying payment when its liability was reasonably clear. Furthermore, upon information and belief, Defendants' "investigation" of the claim was in fact a pretext for the denying the overwhelming majority of the claim. Defendant's breach of duty proximately caused Plaintiff's damages. Plaintiff is entitled to its actual damages and costs, and because Defendant's conduct was fraudulent, malicious, intentional, or grossly negligent, Plaintiff is also entitled to an award of exemplary damages. *See, e.g., Universe Life Ins. v. Giles*, 950 S.W.2d 48, 54 (Tex. 1997). The amount of the award will be up to the jury, in an amount not to exceed three times Plaintiff's actual damages.

## BREACH OF CONTRACT
## (TEX. CIV. PRAC. & REM., CODE § 38.001, *et seq.*)

28. Plaintiffs incorporate the foregoing paragraphs by reference verbatim, as if fully set forth herein.

29. The Policy is a valid, binding and enforceable contract between Plaintiff and Palomar.

Palomar breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE §38.001, *et seq.*, Palomar is liable for Plaintiffs' reasonable attorneys' fees due to Palomar breach of contract. Such payment would be paid in addition to the amount of a valid claim for contractual benefits and costs.

## DECLARATORY JUDGMENT

30. Plaintiffs incorporate the foregoing paragraphs by reference verbatim, as if fully set forth herein.

31. Plaintiffs plead for herein and seek declaratory judgment on the insurance policy issued and maintained by the Defendant. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001, 37.004. Plaintiffs seek judgment on such insurance policy declaring that Defendant is liable for the claims submitted by the Plaintiffs. For these reasons, Plaintiffs seek declaratory judgment from this Court.

## DAMAGES AND NON-MONETARY RELIEF

32. Plaintiffs incorporate the foregoing paragraphs by reference verbatim, as if fully set forth herein.

33. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs plead that the damages sought are within the jurisdictional limits of this Court.

34. As of the filing of this Petition, the costs to Plaintiffs to repair the damages to their home are substantial, and they are also entitled to loss of use damages for their property as well. Under the Insurance Code and as a result of Defendant's common-law bad faith, Plaintiffs' severe mental anguish is compensable. Their mental anguish has disrupted their daily routine and has involved a high degree of mental pain and distress. Living with a partially destroyed home seriously disrupted Plaintiffs' lives.

35. Including actual damages, exemplary and/or statutory damages, mental anguish

damages, costs and attorney's fees, Plaintiffs plead that they seek monetary relief of $100,000 or less and non-monetary relief. Accordingly, this matter is not subject to Rule 169 of the Texas Rules of Civil Procedure. More specifically, Plaintiffs plead that they seek no more than $75,000; thus, this suit is not subject to federal jurisdiction under diversity of citizenship.

36. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.

## EXEMPLARY DAMAGES

37. Plaintiffs' incorporate the foregoing paragraphs by reference verbatim, as if fully set forth herein.

38. Defendant's bad-faith acts and/or omissions have resulted in economic damages to Plaintiff. In committing such acts and/or omissions, Defendant acted with malice. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.003 (Vernon's Supp. 20011); TEX. INS. CODE ANN. § 541.002(1) (Vernon's 2011). There is clear and convincing evidence of such malice. *See id.*

39. Plaintiffs therefore seeks and are entitled to an award of exemplary damages against Defendant to the fullest extent of the law.

## ATTORNEY'S FEES

40. Plaintiffs incorporate the foregoing paragraphs by reference verbatim, as if fully set forth herein.

41. Pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE §38.001, TEXAS INSURANCE CODE §542.060, TEXAS BUSINESS & COMMERCE CODE § 17.50(d), and any and all other statutes and laws providing for recovery of such costs and fees, Plaintiffs are entitled to recover all costs, expenses, and reasonable attorney's fees, as allowed under law. Plaintiffs respectfully seek such recovery herein.

## JURY DEMAND

42. Plaintiffs demand a trial by jury and hereby tenders the appropriate fee to the clerk of the Court.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that, upon final trial and hearing hereof:

a. Judgment be entered against the Defendant to recover actual economic damages and mental anguish damages;

b. Judgment be entered against Defendant for appropriate additional statutory damages and/or exemplary damages;

c. Judgment be entered against Defendant for attorney's fees, costs and expenses incurred by Plaintiff through all appeals;

d. Judgment be entered against Defendant for damages under Texas Insurance Code § 542.055, et seq.;

e. Pre-judgment and post-judgment interest be awarded to the Plaintiffs at the maximum rate permitted by law;

f. Costs of suit be awarded to the Plaintiffs; and

g. Any and all such other and further relief to which the Plaintiffs may be justly entitled.

Respectfully submitted,

MURR YANOCHIK, PLLC

By: /s/ Michael J. Yanochik
Michael J. Yanochik
State Bar No. 00785294
mjy@my-lawyers.com
4101 Washington Ave.
Houston, Texas 77006
Telephone: (713) 966-6142
Facsimile: (713) 588-2412

**ATTORNEYS FOR PLAINTIFFS**