United States District Court
Southern District of Texas
**ENTERED**
January 17, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT           SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Michael Dyll and Remi Dyll, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action H-19-3648 |
| | § | |
| Palomar Specialty Insurance | § | |
| Company, | § | |
| Defendant. | § | |

## Memorandum and Recommendation

The Dylls sued Palomar Specialty Insurance Company (Palomar) in the 269th District Court of Harris County, Texas. (D.E. 1) Palomar timely removed based on diversity jurisdiction. *Id.*

Pending before the court is the Dylls' motion to remand (D.E. 5), Palomar's Response (D.E. 7), and Palomar's supplemental response. (D.E. 9.) The court recommends that the Dylls' motion to remand be denied.

### 1. Law

A defendant may remove a civil action from state court if the federal courts would have had original jurisdiction had the action been filed in federal court. 28 U.S.C. § 1441(a); *In re Deepwater Horizon*, 745 F.3d 157, 162 (5th Cir. 2014). The defendant "has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). "[O]perative facts and pleadings are evaluated at the time of removal." *In re Deepwater Horizon*, 745 F.3d at 163.

Federal district courts have original jurisdiction over civil actions between citizens of different States, in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The amount in controversy is ordinarily

determined on the basis of "the sum demanded in good faith in the initial pleading." 28 U.S.C. § 1446(c)(2). A demand made in bad faith does not control. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995). A demand is made in bad faith if its purpose is to defeat federal jurisdiction. *Id.* "Where a plaintiff's bad-faith damages statement does not control, the removing defendant must show by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gloria v. Allstate Vehicle & Prop. Ins. Co.*, No. 5:18-CV-00073, 2018 WL 8807407, at *2 (S.D. Tex. Nov. 2, 2018).

"[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar*, 47 F.3d at 1412. To make such a showing of legal certainty, Texas plaintiffs must file a binding stipulation or affidavit with the original state petition. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 n.18 (5th Cir. 1998) ("[I]n Texas—'litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints.'"). A stipulation filed after removal is irrelevant to the court's analysis. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *Elizondo v. Pilgrim's Grp., Inc.*, 100 F.3d 952 (5th Cir. 1996).

### 2. Analysis

The parties do not dispute that they are citizens of different states. The sole issue is whether the amount in controversy exceeds $75,000.

The Dylls argue that remand is justified because their original state petition stated that "they [sought] no more than $75,000 in damages." (D.E. 5 at 1.) In the original state petition, the Dylls sought "monetary relief of $100,000 or less," not to exceed $75,000, for actual damages, attorney's fees, statutory and exemplary damages, and mental anguish damages. (D.E. 1-2 at ¶ 35.) The Texas Rules of Civil Procedure do not allow plaintiffs to request a specific amount of damages beyond one of the ranges set forth in Rule 47. *See* Tex. R. Civ.

P. 47(c); *Hernandez Jimenez v. Geovera Specialty Ins. Co.*, No. CV H-19-3970, 2019 WL 6910144, at *2 (S.D. Tex. Dec. 19, 2019). Accordingly, the Dylls' allegation that their claims do not exceed $75,000 is an attempt to avoid federal diversity jurisdiction. *See Hernandez Jimenez*, 2019 WL 6910144, at *2. The allegation of damages in the Dylls' original state petition was made in bad faith and does not control the amount in controversy. *De Aguilar*, 47 F.3d at 1410.

Palomar has offered evidence that the Dylls admitted the estimated cost to repair or replace their roof alone is $20,000. (D.E. 9-2.) The Dylls have not objected to this evidence, nor have they offered any contradictory evidence. The court considers Palomar's uncontested evidence as establishing that the Dylls seek at least $20,000 in actual damages. *See James v. Chubb Custom Ins. Co.*, No. 4:15-CV-3102, 2016 WL 258470, at *2 (S.D. Tex. Jan. 21, 2016) (considering uncontested evidence in denying motion to remand). In addition to actual damages, the Dylls seek attorney's fees, mental anguish damages, and statutory and exemplary damages up to three times the actual damages. The treble damages alone would be at least $60,000. Adding attorney's fees and mental anguish damages would raise the amount in controversy above the $75,000 threshold. Thus, the court finds that Palomar has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.

This conclusion is consistent with the outcome in another recent case in this district. In *Abascal v. United Prop. & Cas. Ins. Co.*, No. 4:18-CV-03930, 2019 WL 3229174 (S.D. Tex. July 18, 2019), the court found that the amount-in-controversy requirement was met where the plaintiff's original petition stated $19,303.41 in economic damages. The court found that the amount in controversy exceeded $75,000 because the plaintiff, in addition to economic damages, sought compensatory damages, treble damages, and attorneys' fees, among others. *Id.* at *2. Here too, evidence that actual damages are at

least $20,000 shows that the amount in controversy meets the jurisdictional threshold.

Because Palomar has shown that the amount in controversy exceeds $75,000, the Dylls' motion to remand must be denied unless the Dylls show it is legally certain that their recovery will not exceed $75,000. *De Aguilar*, 47 F.3d at 1412. The Dylls have not made that showing because they did not file a binding stipulation or affidavit with their original state petition. *See St. Paul Reinsurance*, 134 F.3d at 1254 n.18.

*3. Conclusion*

The court recommends that the Dylls' motion to remand be denied.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on January ⟨17⟩, 2020.

_____
Peter Bray
United States Magistrate Judge